United States District Court
Southern District of Texas
**ENTERED**
February 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRAIG A. DODDS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-543 |
| | § | |
| CARRINGTON MORTGAGE SERVICES LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a motion for summary judgment filed by Defendant/Counter-Plaintiff Carrington Mortgage Services LLC ("Carrington"). The motion (Dkt. 41) is **GRANTED**.

## I.    BACKGROUND

Because Plaintiff/Counter-Defendant Craig A. Dodds ("Craig") has not filed a response to Carrington's motion for summary judgment, the Court accepts as undisputed the facts and evidence set forth in Carrington's motion. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Flowers v. Deutsche Bank National Trust Co.*, 614 Fed. App'x 214, 215 (5th Cir. 2015) ("The failure to respond to a summary judgment motion leaves the movant's facts undisputed. The court need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law.") (citation omitted). Carrington's summary judgment evidence establishes that Craig took out a home equity loan that was secured by his homestead, which is located at 9317

Mohawk Drive in La Porte, Texas ("the loan"). (Dkt. 1-1 at p. 6; Dkt. 41-4). Craig falsely represented that he was an "unmarried man" on the Texas Home Equity Security Instrument ("THESI"), so his wife, Deborah Dodds ("Deborah"), did not sign the THESI. (Dkt. 41-4 at p. 1). The loan was assigned to Carrington, and after the assignment Deborah signed an affidavit expressly consenting to the loan. (Dkt. 41-9; Dkt. 41-10; Dkt. 41-11).

Craig defaulted on the loan and filed this lawsuit in Texas state court to prevent foreclosure. (Dkt. 1-1 at pp. 8–10). Craig seeks to enjoin Carrington from foreclosing on his homestead on the basis that the loan contravenes Article XVI, Section 50(a)(6)(A) of the Texas Constitution. (Dkt. 1-1 at pp. 8–10). Article XVI, Section 50(a)(6)(A) of the Texas Constitution requires a lien placed on a homestead to be "created under a written agreement with the consent of each owner and each owner's spouse[.]" Tex. Const. art. XVI, § 50(a)(6)(A).

Carrington has now moved for summary judgment on Craig's claims against it.[1]

## II.    SUMMARY JUDGMENTS

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] Carrington has voluntarily dismissed its claims against Craig and Deborah. (Dkt. 48). The only claims remaining in this case are Craig's claims against Carrington.

The movant's initial summary judgment burden depends on whether the movant will bear the burden of proof at trial. If the non-movant will bear the burden of proof at trial on an issue raised in a motion for summary judgment, then the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The movant need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). However, if the movant will carry the burden of proof at trial, as is the case when the movant is either the plaintiff or a defendant asserting an affirmative defense, then the movant can only carry its initial burden by establishing beyond peradventure all of the essential elements of its claim or defense. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the movant meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable

to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

### III.  <u>ANALYSIS</u>

As previously noted, the Texas Constitution's homestead protection provisions require a lien placed on a homestead to be "created under a written agreement with the consent of each owner and each owner's spouse[.]" Tex. Const. art. XVI, § 50(a)(6)(A). However, an owner's spouse "who did not initially consent" to a lien placed on a homestead may validate the lien by "subsequently consent[ing]" to it. Tex. Const. art. XVI, § 50(a)(6)(Q)(xi); *see also Palluotto v. NewRez LLC*, No. 4:24-CV-721, 2025 WL 2987572, at *3 (S.D. Tex. Oct. 23, 2025) ("[T]he Texas Constitution clearly contemplates that an owner's spouse can subsequently consent to a lien not initially created with their consent.") (quotation marks and brackets omitted); *Kyle v. Strasburger*, 522 S.W.3d 461, 465 (Tex. 2017) ("A home-equity loan secured by a lien [on a homestead] that was not created with the consent of each owner and each owner's spouse is . . . invalid *unless and until such consent is obtained*.") (bracketed phrase, ellipsis, and emphasis added).

The only basis asserted by Craig's pleading for invalidating the loan under the Texas Constitution's homestead protection provisions is that Deborah did not give her consent. (Dkt. 1-1 at pp. 8–9). Carrington's uncontested summary judgment evidence shows that Deborah subsequently expressly consented to the loan. (Dkt. 41-11). Deborah's consent validated the loan. *See Kyle*, 522 S.W.3d at 465. Accordingly, the Court will grant Carrington's motion for summary judgment.

## IV.    __CONCLUSION__

The motion for summary judgment filed by Defendant/Counter-Plaintiff Carrington

Mortgage Services LLC (Dkt. 41) is **GRANTED**.

SIGNED at Houston, Texas, on ____February 13_____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE